gave judgment for the full amount of the notes and interest, from which defendants took an appeal to this court. The court finds no error of law to which exception was taken, and that there was no such preponderance of evidence in favor of the defendants as would justify the court in interfering with the finding of the court below. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellants, Mr. CHARLES J. BEATTIE ; for appellee, MESSRS. DENT, BLACK & CRATTY BROS. Opinion filed Jan. 6, 1886.

No. 62—2176. John D. Caton v. Andrew Bloom. This was an action on the case brought by appellee against appellant, to recover for the loss of a hand, through the alleged negligence of appellant in failing to provide and keep in repair suitable machinery for operating a stone-crushing drop hammer, which appellee was tending while in appellant's service as a laborer. There was a judgment and verdict for the plaintiff in the court below, for $4,000, and the defendants brought the case here by appeal. The evidence tended to show that appellee's hand was caught and crushed under the falling hammer while he was operating the same in the exercise of ordinary care, and that the injury was the result of a defect in the machinery which worked the hammer. Whether appellant used reasonable care and diligence in providing and maintaining machinery that was safe, was a question of fact falling peculiarly within the province of the jury to determine ; and this was the principal subject of controversy at the trial. The evidence was conflicting. The jury who saw and heard the witnesses must be presumed to be better able to judge as to the weight of the evidence than this court can be, and their finding should not be disturbed unless it is against the clear preponderance of the evidence. Judgment affirmed. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellant, Mr. CHAS. E. TOWNE ; for appellee, Mr. WILLIAM HOYNES and Mr. JOHN GIBBONS. Opinion filed Jan. 6, 1886.

No. 53—2167. Frank F. Cole v. John T. Cosgrove. This was trover, by Cosgrove against Cole, to recover damages for the wrongful conversion of a stock of boots and shoes which had been pledged by the former to the latter. The plaintiff, upon the verdict of the jury, had judgment for $7,842.55,